*Alricks, for defendant.*

---

*Court of Common Pleas, Dauphin County, February 26th, 1866.*

THE COMMONWEALTH EX REL. ZOLL *v.* KILLINGER.

A mandamus at the relation of a private person will not be granted to compel a township supervisor to erect a bridge; the proper remedy is by indictment. When there is more than one supervisor in a township, one alone cannot order the opening of a road or the building of a bridge.

BY THE COURT.—An application was made to this court by a private relator for a writ of mandamus commanding one of the supervisors of East Hanover township to build a bridge over Bow creek. An answer was put in by the supervisor denying the relator's right to this remedy. This is a high prerogative writ, and is never allowed except where the relator or the public has a specific legal right without any adequate remedy to enforce it (8 East, 219). The courts refuse such applications where the party has another complete remedy (1 Ld. Ray. 38; 3 Burr, 1615; Cowp. 378). It is only to be invoked in cases of the last necessity; not where there is another effectual remedy (1 Jones, 201). It is only intended for extraordinary cases where otherwise there would be a failure of justice (2 Penna. 513; 1 H. 75). It was refused to compel the councils of Reading to re-

[The Commonwealth ex rel. Zoll *v.* Killinger.]

move obstructions on a sidewalk on the application of a private relator, as the nuisance, if one at all, was of a public character, remedial by indictment (1 Jones, 201). It was also refused against the town council of the borough of Pottsville to compel the opening of a public alley, ordered to be done by an act of Assembly (5 C. 108). In that case the whole subject is carefully examined by Judge Woodward, and many of the cases reviewed. It is declared, among other things, that where the injury is to the public the complaint of a private relator cannot be heard, but redress must be demanded by the commonwealth's officers; and where the work asked to be constructed is of a public nature, and the relator has no right except in common with other citizens, he cannot have this remedy (5 C. 113 and 114). There is full and ample remedy in the present case, by indictment; one given by statute, and which has hitherto been found sufficient, in this State, to compel the performance of all public duties of this character by supervisors. And where a statutory remedy is provided in Pennsylvania, it must be resorted to exclusively. Since the year 1808 certainly, and perhaps long before, it has been the common, and I might perhaps safely say the only, remedy sought to oblige the roads to be opened and kept in repair and bridges to be built. Judge Coulter says, "There is no other provision nor any other act or clause giving the public or State any remedy, save this of indictment." Edge *v.* The Commonwealth . (7 Barr, 277). We may add that it was in force and resorted to habitually long before the passage of the road law in 1802, as we find such cases reported in our books and a good precedent for an indictment given by Read in his Digest, published in 1801.

There is another fatal objection to this proceeding. The writ is demanded against one supervisor only, and there are two in the township. One alone could not build the bridge if he desired it, for although one can act in the ordinary business of repairing roads without consulting his fellow, he cannot open a new road, build a new bridge, or do other important act of that character, except on joint consultation (per Woodward J., 1 Am. Law Reg. 124).

The defendant has failed in every point of view. The application for a mandamus must be refused, and the petition dismissed at the cost of the applicant.

*L. B. Alricks, for plaintiff.*

*Mumma, for defendant.*